IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO.   3:15-00168-02

CORDELL LOPASKER McCARRALL, JR.
      also known as "Zeke"

**MEMORANDUM OPINION AND ORDER**

On October 19, 2015 the Court held a hearing on Defendant's Motion to Suppress, ECF No. 41. Specifically, Defendant sought suppression of evidence seized during an April 2, 2015 search of his residence in Huntington, West Virginia. For the reasons explained below, the Court denied Defendant's Motion.

In his Motion to Suppress, Defendant argued the search warrant lacked particularity. The Fourth Amendment requires, among other things, that search warrants describe with particularity the places to be searched and items to be seized. *United States v. Robinson*, 275 F.3d 371, 381 (4th Cir. 2001), *cert. denied*, 535 U.S. 1006 (2002). Under Fourth Circuit precedent, the particularity requirement is pragmatic, which means "[t]he degree of specificity required when describing the goods to be seized may necessarily vary according to the circumstances and type of items involved." *United States v. Torch*, 609 F.2d 1088, 1090 (4th Cir. 1979). A warrant authorizing a search for evidence relating to specific illegal activity, such as narcotics, is sufficiently particular. *United States v. Dickerson*, 166 F.3d 667, 694 (4th Cir. 1999) *rev'd on other grounds by*, 530 U.S. 428 (2000). Additionally, under circuit precedent, a warrant is sufficiently particular if it "confines the executing officers' discretion by allowing them to seize only evidence of a particular crime." *United States v. Fawole*, 785 F.2d 1141, 1144 (4th Cir. 1986).

In this case, Defendant asserts the warrant lacked sufficient particularity because it was "boiler-plate" and did not list specific items to be seized. Looking to the application for the warrant, the application incorporates an attachment labeled "B." Attachment B lists, under a section titled Property to be Seized, "any controlled substance, in particular heroin. A schedule II controlled substance illegally possessed, including prescription pain medication, ranging between Schedules I and V, as defined by the Uniform Controlled Substances Act." The attachment authorized seizure of other items, including financial and business records, papers and other documents related to travel, items evidencing obtaining, secreting, transfer, and concealment of assets and money, U.S. currency and assets from controlled substance activities, indicia of occupancy, items to confirm identification, firearms, and evidence of other violations of West Virginia criminal code or U.S. criminal code. By listing controlled substance offenses and specifying heroin and prescription drugs, the warrant and its incorporated attachment cabined the executing officers' discretion so that officers could seize only evidence related to controlled substance crimes, heroin and prescription medication crimes in particular. Therefore, the Court finds the warrant stated the items to be seized with particularity sufficient to satisfy the Fourth Amendment. *See United States v. Washington*, 852 F.2d 803, 805 (4th Cir. 1988) (finding particularity requirement met when warrant to search for heroin authorized seizure of other items of evidence and affidavit attached specified what "other items" meant).

Even if the warrant's particularity was insufficient, the good faith exception to the exclusionary rule applies in this case. Under the good faith exception, "evidence obtained from an invalidated search warrant will be suppressed only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *United States v. Lalor*, 996 F.2d 1578, 1583 (4th Cir. 1993). In this

case, there is no evidence the officers were dishonest or reckless in applying for or executing the warrant. Additionally, Defendant failed to argue the officers could not have held an objectively reasonable belief that the warrant was supported by probable cause. Therefore, even if the warrant was insufficiently particular, the good faith exception to the warrant requirement would nonetheless prevent this Court from suppressing the evidence seized during the April 2, 2015 search.

For the Foregoing reasons, the Court **DENIED** Defendant's Motion to Suppress, ECF No. 41. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the Unites States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: October 20, 2015

_____
ROBERT C. CHAMBERS, CHIEF JUDGE